# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

JUL 17 2026 PM3:04
FILED - USDC - FLMD - TPA

Jennifer M. Rivera-Wagner, )
*Plaintiff, Real Party in Interest,* )
*Heir/Beneficiary, Trustee of Private Trust*)
)
vs. )
) CASE# 8:26-cv-2051-JLB-CPT
)
JULIE C. HILL, )
in her individual and official capacities; ) ***Verified Claim in Equity for:***
)
POLK COUNTY, FLORIDA )
C/O Commissioner Martha Santiago ) 1. Judicial disqualification and fraud upon the court.
) 2. Conspiracy against Rights. 3. Violation of self-excusing recusal duty; 4. Deprivation of Rights under Color of Law; 5. Denial of Due Process and Equal protection; 6. Kidnapping; 7. Retaliation and Defamation under color of law; 8. Fraud. Abuse of Process and Civil Conspiracy; 9. Fraud upon the court and Obstruction of Justice; 10. Declaratory and Injunctive relief for void Judicial acts; 11. Taking, conversion and Fiduciary breach; 12. Potters of Racketeering activity (RICO); 13. Simulated Legal process, Coercion / Peonage, Under Color of law. 14. Slander of title and fraudulent transfer of trust assets; 15. Unlawful impairment of Contracts and Violation of Art. 1, §10; U.S. Const. Art. 1, §10; Obligation of Contracts 28 USC §2072(b); 16. Equitable enforcement of verified rights and Clearfield Doctrine; 17. Fraud, Conversion and



TPA-74599
$405.00

) unconscionable Commercial practices;
) 18. Prohibited activities 18 U.S. Code 872

Charges reiterated:

1. Judicial disqualification and fraud upon the court. 28 USC §144, AND §455
2. Conspiracy against rights. 18 U.S. Code 241
3. Violation of self-excusing recusal duty. 28 USC §455 (a
4. Deprivation of Rights under Color of Law, 42 USC §1983: *Bivens v. Six Unk Named Agents, 403 US 388 (1971)*
5. Denial of Due Process and Equal protection. US. Const. Amendments V &XIV
6. Kidnapping. 18 U.S. Code 1201 and Criminal Resource Manual 1034
7. Retaliation and Defamation under color of Law; U.S. Const. Amend. I.
8. Fraud. Abuse of Process and Civil Conspiracy, *(Haze-Atlas Glass Co. v. Hartford-Empire Co. 322 US 238 (1944)*
9. Fraud upon the court and Obstruction of Justice; 18 USC, SS1503, 1512 & 1519
10. Declaratory and Injunctive relief for void Judicial acts; 28 USC §§ 2201, 2202, Fed. Rules of Civil Proc. Pg. 57
11. Taking, conversion and Fiduciary breach U.S. Const. Amend. V (Takings Clause), 28 USC 1491, (Tucker Act), 28 USC 2671 (FTCA) Commerce law Conversion and Trespass.
12. Potters of Racketeering activity (RICO) 18 USC 1961-1964.
13. Simulated Legal process, Coercion / Peonage, Under Color of law. 18 USC §§ 912, 1501, 1509, 1951 et. seq. 42 USC §§ 1983, 1994
14. Slander of title and fraudulent transfer of trust assets. Common Law Tort and Equity Doctrine, UCC 3-505, 9-315
15. Unlawful impairment of Contracts and Violation of Art. 1, §10; U.S. Const. Art. 1, §10; Obligation of Contracts 28 USC §2072(b), (Rules enabling Act)
16. Equitable enforcement of verified rights and Clearfield Doctrine; Clearfield Trust Co. v. U.S. 318 US 363, (1943), US Const. Art. III, sect. 2 (in Equity).
17. Fraud, Conversion and unconscionable Commercial practices, UCC 1-1-3(b), 1-304, 2-302, 18 USC 1341-1343
18. Prohibited activities. 18 U.S. Code 1962

## Special Limited Visitation by Plaintiff – Exclusive Equity Jurisdiction Preserved

Now, comes the living woman, Jennifer M. Rivera-Wagner, by her own authority and being of the age of majority and of sound mind, appearing specially and not generally or voluntarily so as not to confuse the Court. At no time does the Plaintiff waive any rights whatsoever knowingly or unknowingly. Plaintiff requests the Court to take judicial notice of the fact that she is without an attorney, is not schooled in the law or legal procedures, and is not licensed to practice law. Therefore, her submissions must be read and construed liberally. See Haines v. Kerner, 404 US at 520 (1980); Birl v. Estelle, 660 F2d 592 (1981).

## To the Court, All Parties, and Counsel of Record

This matter is brought in Equity, under the original judicial power and exclusive equity jurisdiction of this court as vested by Article III of the organic Constitution of the United States of America Republic.

*Each defendant is sued in both their official and individual capacities as applicable, and held lawfully and commercially liable under verified record, and equity jurisdiction, as set forth in this verified Claim in Equity.*

## Complaint for Equitable, Declaratory, and Injunctive Relief

Plaintiff, with clean hands, in good faith, and pure intent, brings this action to obtain redress for the deprivation and conspiracy to deprive Plaintiff of her God-given and Constitutionally protected equitable rights, titles and interests as hereafter alleged, as well as for malicious prosecution, kidnapping of minor child protected in Private Trust, theft of Trust property under color of law, fraudulent court practices and simulated legal process, intimidation, violation of due process, and for defamation of character.

## Jurisdiction and Venue

I. This federal complaint arises under Article III of the organic Constitution and laws of the United States of America Republic.

II. Venue is proper because the events complained of occurred within the Middle District of Florida.

- A substantial part of the events, omissions, and transactions giving rise to these claims occurred within POLK COUNTY, FLORIDA; and
- The subject real property and parties affected are located within POLK COUNTY, FLORIDA.

III. This Court has original subject matter jurisdiction under Article III, Section 2, Clause 1 as this action presents a clear federal question arising under the Constitution and laws of the United States of America Republic. The agents/principals under de facto government are subject to statutes and codes,

IV. Private Trust matters are governed by Exclusive Equity jurisprudence.

V. This Court also has original jurisdiction under 28 U.S.C. § 1343 , which expressly confers jurisdiction over actions to redress **deprivations of constitutional rights under color of law**, and to secure equitable and legal relief for such violations.

VI. **Supplemental jurisdiction** is proper under 28 U.S.C. § 1367 (a) over all related state law claims, which arise from the same common nucleus of operative fact and form part of the same case or controversy under Article III of the United States Constitution.

VII. This matter further qualifies for federal intervention and jurisdiction under 28 U.S.C. § 1443 (1) due to pervasive civil rights violations, judicial obstruction, and the refusal of state courts and agents to acknowledge federal authentications, secured filings, lawful rebuttals, and due process claims.

## Parties

VIII. Plaintiff Jennifer Mapshena Rivera-Wagner, is a living woman, child of the Most High God, and trustee of the Private Trust protecting the minor child's equitable estate in question. She is an unfranchised, free and living woman, separate from the legal fiction under public jurisdiction, currently privately domiciling within the State of Florida, and trustee of the Private Trust violated.

IX. Defendant, JULIE C. HILL, at all times material hereto, acted under color of state law as a Circuit Court Judge for the TENTH JUDICIAL CIRCUIT COURT IN AND FOR POLK COUNTY, FLORIDA.

X. Defendant, POLK COUNTY, is a corporate entity and Respondent Superior represented by Martha Santiago. Respondent Superior is liable for hire of employees, including judges.

## Statement of Facts

XI. The organic Constitution of the Republic of the United States of America was created to serve "We the people" and to ensure government officials know, honor, and uphold their duties and responsibilities to the people. When a public servant shows himself/herself to act outside their authorized scope, it is the duty of "We the people" to hold such public servants accountable.

XII. Petitioner reiterates and stands upon the organic United States of America Declaration of Independence which recognizes and delineates *the Most High God as the original and ultimate source* of law, the giver of rights, the judge of conduct, and the protector of the nation.

- "Laws of Nature and of Nature's God" – recognizes a higher moral law above human governments.
- "Endowed by their Creator" – declares that unalienable rights come from the Creator, not the state.
- "Appealing to the Supreme Judge of the world" – invokes God as the ultimate judge of the righteousness of actions.
- "Firm reliance on the protection of Divine Providence" – expresses faith in God's guidance and protection.

XIII. Petitioner, one of We the People, has equitable rights, titles and interests in this matter. De facto statutes and codes do not govern private equitable interests. Exclusive Equity governs equitable rights, titles, interests, assets including but not limited to one's Christian name, private estate, child(ren), and other tangible and intangible assets including but not limited to the physical body. Petitioner asserts her God-given and

Constitutionally protected equitable rights, titles and interests supercede statutes and administrative systems.

XIV. *ALL public **officials** are trustees of the American people.*

"As expressed otherwise, the powers delegated to a **public officer** are ***held in trust*** for the people and are to be exercised in behalf of the government or of all citizens who may need the intervention of the **officer**. [1] Furthermore, the view has been expressed **that *all public officers,*** within whatever branch and whatever level of government, and whatever be their private vocations, are ***trustees of the people,* and accordingly labor under every disability and prohibition imposed by law upon trustees relative to the making of personal financial gain from a discharge of their trusts**. [2] That is, **a public officer occupies a fiduciary relationship to the political entity on whose behalf he or she serves.** [3] ***and owes a fiduciary duty to the public.*** [4] It has been said that **the *fiduciary responsibilities of a public officer cannot be less than those of a private individual.*** [5] Furthermore, it has been stated that any enterprise undertaken by the **public** official which tends to weaken **public** confidence and undermine the sense of security for individual rights is against **public** policy.[6]"

[63C Am.Jur.2d, **Public Officers** and Employees, §247]

XV. I stand upon my private American rights guaranteed under **Article III, Section 2, Clause 1** of the organic Constitution of the United States of America Republic:

"The judicial Power shall extend to all Cases, in Law and **Equity**, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;—to all Cases affecting Ambassadors, other public Ministers and Consuls;—to all Cases of admiralty and maritime Jurisdiction;—to Controversies to which the United States shall be a Party;—to Controversies between two or more States;—between a State and Citizens of another State;—between Citizens of different States;—between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects."

XVI. We the People have the right to a true Article III venue, not a court of executive or administrative powers, nor a court acting as a military proceeding. Florida Constitution complements our Constitutional rights.

XVII. Title 28 USC 3002 Section 15A states United States is a Federal Corporation and not a government, including the Judicial Procedural Section. In numerous cases, SCOTUS has said in summary:

- That since governments chose to incorporate themselves, they must abide by the same rules as any other corporations.
- That governments are now de facto, as corporations; and that they pass no laws, but only corporate bylaws called rules, codes, statutes, executive orders, ordinances and policies.
- That all rules, codes, statutes, executive orders, ordinances and policies, are "colored/colorable" and governed only by the consent of the governed and through fraudulent creation and unlawful conversion of man-kind into a legal Person, Citizen, Resident. Obtained through TACIT Agreement and not honorable contract.
- ***United States v. Will***, 449 U.S. 200 (1980) holds that any judge usurping jurisdiction commits treason (Cohens v. Virginia, 6 Wheat. 264).
- ***Hale v. Henkel***, 201 U.S. 43 (1906): corporations (including BAR franchises) have no parity standing over living men.

XVIII. Petitioner also submits a Testimony under God and Affidavit of Truth. See Exhibit A.

XIX. Petitioner's Certificate of Live Birth is authenticated by the ***State of Kentucky Department of State***, signed and sealed August 5, 2021; and authenticated by the ***United States of America Department of State***, signed and sealed September 8, 2021. Recorded in Book 2025, Page 1489 along with Affidavit & Testimony of Ownership and Baptism in Lawrence County, Missouri. The authentication from the United States of America Department of State is a Forty Million Dollar ($40,000,000) Bond. Statement of Counter-Deed is attached. See Exhibits B, C, D.

XX. Petitioner is the sole trustee of the Adiella Faith Living Estate Trust, a Private Trust, created November 10, 2023, protecting the [redacted] estate. See Exhibit E.

- Private Trust indenture states:
  "To initiate or defend, at the discretion of the Trustees, any litigation affecting the Trust. The trustee, any co-trustee, settlor, and beneficiary of this Trust shall not be liable to lien, attachment, garnishment, trustee process, or execution, or subject to any order or decree of any court without civilian due process protections within a non-military derived court of competent jurisdiction, or court as of record or court of exclusive jurisdiction under Article III of the written constitution of the United States; the beneficiary is strictly forbidden to be represented by any Attorney in any jurisdiction under war powers authority or without exclusive equitable jurisdiction cognizance of the same specie and nature as protected under the Judiciary Act of 1789, 1 Stat. 73 ch. 20, sec. 11, 16, 20, 1 Stat. L. 82, that **all proceedings must proceed ex parte, sealed, at chambers, under a judicially powered court** under a judicial cognizance authorized by either the written constitution of the state of Florida, or where national citizenship and protections are at stake under the written constitution of the United States as amended A.D. 1791, without-to the exclusion-of the general public."

XXI. On or about January 24, 2025, Petitioner signed a formal Revocation of Signature from the State of Florida Marriage Contract and submitted to Florida Department of State. About that time, Petitioner became aware and educated of previously undisclosed material facts, including blind adhesion contracts, that occurred without her knowledge with her signature on the marriage contract, causing irreparable harm. See Exhibit F.

XXII. Petitioner is the mother of the 4-year-old minor and sole trustee of the [redacted] Living Estate Trust protecting the legal and equitable estate of the minor. Petitioner holds absolute title, including the legal title, Certificate of Live Birth. Minor child's Certificate of Live Birth is authenticated by the ***State of Florida Department of State***, signed and sealed July 12, 2022 and authenticated by the ***United States of America Department of State***, signed and sealed March 7, 2025. Record includes Trust Transfer Grant Deed for legal title. Recorded in Book 2025, Page 2741 in Lawrence County, Missouri. The

authentication from the United States of America Department of State is a One Billion Dollar ($1,000,000,000) Bond. See Exhibit G.

XXIII. Legal title of the Certificate of Live Birth has been conveyed to Private Trust and the legal and equitable estate is protected in Private Trust. Petitioner, as Trustee, holds absolute title to the minor child's estate.

XXIV. Revocation of Signature from the State of Florida Marriage Contract was received by Polk County Clerk of Courts on March 18, 2025. Clerk of Courts refused to honor or record the Revocation of Signature. See Exhibit H.

XXV. On or about May 5, 2025, Plaintiff became an unwilling party to Case Account No. 2025DR-003700 in the TENTH JUDICIAL CIRCUIT COURT IN AND FOR POLK COUNTY, FLORIDA when a process server left an alleged Summons on her private automobile. SAMUEL WAYNE WAGNER, as a ward of the court via attorney, filed for dissolution of marriage through the TENTH JUDICIAL CIRCUIT IN AND FOR POLK COUNTY, FLORIDA. However, this action was without the required authority on record from Secretary of Treasury. If not on record, then any judge is in violation and not authorized to administer the estate/ Cesti Que Vie trust without Plaintiff's express written consent, delegation of authority or power of attorney, letter of appointment, or Rule 2 opinion letter from the Secretary of Treasury granting permission to administer the private trust.

- 26 U.S. Code § 7603 - Service of summons
  A summons issued under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary of Treasury
- Presumption of Summons has been rebutted.

XXVI. Plaintiff never granted jurisdiction to TENTH JUDICIAL CIRCUIT COURT IN AND FOR POLK COUNTY, FLORIDA and Plaintiff never knowingly signed any contract which would grant jurisdiction. Without jurisdiction there can be no valid court or verdict.

- *Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them.* ***Miranda v. Arizona, 384 U.S. 436, 491.***

XXVII. According to ***Corpus Juris Secundum***, "a client is one who applies to a lawyer…or commits his cause to his management… also called 'wards of the court.'" Wards of court are defined as "*infants and persons of unsound mind placed by the court under the care of a guardian*" ***Davis' Committee v. Loney***, 290 Ky. 644. 162 S.W.2d 189. 190. Any man or woman self-declared as incompetent cannot administer any estate held in Private Trust. See Exhibit I.

XXVIII. Petitioner submitted Quo Warranto, the highest level plea of abatement, and Writ of Discovery-Affidavit of Fact, via certified mail as a private American civilian challenging jurisdiction and in order to establish and protect Petitioner's equitable rights, titles and interests. All challenges to TENTH JUDICIAL CIRCUIT COURT IN AND FOR POLK COUNTY, FLORIDA jurisdiction received no response. See Exhibit J, Exhibit K.

XXIX. "Where there is no jurisdiction, there can be no discretion."

*"No officer of the law may set that law at defiance and impunity. All the officers of the government, from highest to lowest, are creatures of the law and are bound to obey it. – It is the only Supreme power in our system of government, and every man who, by accepting office participates in its functions, is only the more strongly bound to submit to that Supremacy, and to observe the limitations, which it imposes on the exercise of authority which it gives.* ***U.S. v. Lee, 106 U.S. 196, 220 1 S. Ct. 240, 261, 27 I Ed 171 (1882).***

*Any judge who does not comply with his oath to the Constitution of the United States wars against that Constitution and engages in acts in violation of the supreme law of the land. The judge is engaged in acts of treason.* ***Cooper v. Aaron, 358 U.S. 1, 78 S. Ct. 1401 (1958).***

***United States v. Will***, 449 U.S. 200 (1980) holds that any judge usurping jurisdiction commits treason (Cohens v. Virginia, 6 Wheat. 264).

***Hale v. Henkel***, 201 U.S. 43 (1906): corporations (including BAR franchises) have no parity standing over living men.

XXX. Petitioner filed Name Correction Order – Case # D25-706487N In the DISTRICT COURT OF CLARK COUNTY, NEVADA - to the case record. The Order is for Name Change, however, the ***substance*** is status correction. This correction terminated the Doctrine(s) of *parens patriae* and *idem sonans*, rectified potential fraudulent misrepresentations or instances of identity misappropriation, reinforced her private American and equitable rights, titles and interests. See exemplified copy Exhibit L.

XXXI. The exemplified Name Correction Order is a new landed estate and equivalent to a new Birth Certificate.

XXXII. Petitioner expressed on multiple occasions that she, as sole trustee, holds absolute title – including legal title and equitable title – of the equitable estate, which includes the physical body, of the federally authenticated minor child protected by Private Trust.

XXXIII. On or about July 29, 2025, Judge GERALD PAUL HILL, II failed to prove jurisdiction and denied all attempts by Petitioner to protect her equitable rights, interests, and titles, and trespassed on the estate(s) protected in Private Trust. Unauthorized guardianship (kidnapping) of the federally authenticated minor child was granted to SAMUEL WAYNE WAGNER in violation of the Private Trust. This action hindered Petitioner's abilities to administer and protect the estate protected in Private Trust.

XXXIV. On or about September 4, 2025, Petitioner filed NOTICE OF VOID JUDGMENT and demanded Judge GERALD PAUL HILL, II produce Oath of Office, IRS Form 56 Notice of Fiduciary and related official records as required by law demonstrating authority to administer Petitioner's estate/ Cestui Que Vie trust. Without the required forms, Judge GERALD PAUL HILL, II is simulating legal processes and committing fraud upon the court, conducting unlawful administration of estate without express written consent, delegation of authority or power of attorney, letter of appointment, or Rule 2 opinion letter from the Secretary of Treasury granting permission to administer Petitioner's private estate. Judge GERALD PAUL HILL, II failed to produce IRS Form 56 or any official records proving explicit permission to be fiduciary and executor of estate on record with Secretary of Treasury. See Exhibit M.

XXXV. On or about September 2025, GERALD PAUL HILL, II "transferred" divisions and was replaced by JULIE C. HILL.

XXXVI. On or about November 17, 2025, Petitioner filed Rebuttal of the Twelve Presumptions of Court, including but not limited to, The Presumption of Public Service, Presumption of Public Oath, Presumption of Custody, Presumption of Summons, Presumption of Court of Guardians, Presumption of Incompetence. See Exhibit N.

XXXVII. On or about November 17, 2025, Quo Warranto was sent to replacement Judge JULIE C. HILL who refused all attempts by Petitioner to protect her equitable rights, titles, and interests and trespassed on the estate(s) protected in Private Trust. Unauthorized guardianship (kidnapping) was granted to SAMUEL WAYNE WAGNER in violation of the Private Trust. This action hindered Petitioner's abilities to administer and protect estate protected in Private trust while causing traumatic emotional stress to a then 3-year-old child. See Exhibit O.

- ***Troxel v. Granville, 530 U.S. 57, 65 (2000)*** — recognizing that a parent's interest in the care, custody, and control of their children is a fundamental liberty interest protected by the Fourteenth Amendment.
- ***Troxel v. Granville, 530 U.S. 57, 68–69 (2000)*** — emphasizing the presumption that fit parents act in the best interests of their children.
- ***Troxel v. Granville, 530 U.S. 57, 66 (2000)*** — discussing the longstanding constitutional protection of parental decision-making concerning child rearing.
- ***Beagle v. Beagle, 678 So. 2d 1271, 1276 (Fla. 1996).***
  Recognized that parents possess a fundamental privacy right under Article I, Section 23 of the Florida Constitution to make child-rearing decisions free from unwarranted state interference.
- ***Von Eiff v. Azicri, 720 So. 2d 510, 514–15 (Fla. 1998).***
  Held that the State may not intrude upon a fit parent's child-rearing decisions merely because a judge believes a different decision would be better.
- ***Richardson v. Richardson, 766 So. 2d 1036, 1040–41 (Fla. 2000).***
  Confirmed both Florida's constitutional privacy protections and the parental-rights principles recognized in *Troxel*.

XXXVIII. On or about November 17, 2025, Petitioner filed Petition to Compel Plaintiff and Plaintiff's Attorney to Establish Territorial Jurisdiction on Record. The "State's" or any other presumption of having territorial jurisdiction may be challenged at any time and then "burden rested with the plaintiffs to prove affirmatively that jurisdiction did exist." ***Basso*, 495 F.2d at 910 (citing *F&S Construction Co. v. Jensen*, 337 F.2d 160 (10th Cir. 1964)).** The TENTH JUDICIAL CIRCUIT COURT IN AND FOR POLK COUNTY, FLORIDA did not respond nor prove jurisdiction over Private Trust. See Exhibit P.

XXXIX. On or about November 17, 2025, Petitioner filed Memorandum of Law outlining STATE OF FLORIDA Officers and Employees scope of authority upon limited territory (jurisdiction), again challenging jurisdiction. The De Facto government is not the government of We the People living souls. See Exhibit Q.

- There is no discretion to ignore lack of jurisdiction. ***Hagans v Lavine 415 U.S. 533***
- The law provides that once State and Federal jurisdiction have been challenged, it ***must be proven***. ***Joyce v U.S. 474 2d 215***.

XL. On or about November 17, 2025 during an alleged hearing, Judge JULIE C. HILL stated that case law and excerpts from Corpus Juris Secundum were "federal [law], not Florida" alleging that a Florida court is not subject to federal law. Therefore, I point to:

- ***Article VI, Clause 2 of the United States Constitution is known as the Supremacy Clause.*** *It provides:* "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."
- ***"The Supremacy Clause makes federal law 'the supreme Law of the Land.'" Howlett v. Rose, 496 U.S. 356, 367 (1990); U.S. Const. art. VI, cl. 2.*** State courts may not refuse to entertain federal claims based on disagreement with federal law because the Supremacy Clause requires state courts to enforce federal law.

XLI. On or about November 20, 2025, Judge JULIE C. HILL was issued NEGATIVE AVERMENTS and failed to provide the required response in the form of affidavit. No response was received. See Exhibit R.

XLII. On or about November 26, 2025, Petitioner filed Testimony and Affidavit of Truth to reiterate the lack of informed consent related to the Florida Marriage contract and lack of disclosure of material facts. Lack of full disclosure voids a contract ab initio. See Exhibit S.

XLIII. On or about December 17, 2025, Petitioner filed PETITION TO INTERVENE AS THIRD-PARTY INTERVENOR AND REAL PARTY IN INTEREST in addition to PROPOSED COMPLAINT IN INTERVENTION, APPENDIX A to PETITION TO INTERVENE AS THIRD-PARTY INTERVENOR AND REAL PARTY IN INTEREST. Petitioner received no response from Judge JULIE C. HILL or TENTH JUDICIAL CIRCUIT IN AND FOR POLK COUNTY, FLORIDA. See Exhibit T, Exhibit U.

XLIV. On or about December 17, 2025, Petitioner filed Testimony of Testatrix Intent declaring she is the blood heir and equitable owner of the Jennifer Mapshena Rivera-Wagner estate. See Exhibit V.

XLV. On or about December 17, 2025, Petitioner filed Guardian Revocation of Infant Estate to the case record, reiterating guardianship of the equitable estate protected in Private Trust. See Exhibit W.

XLVI. On or about January 21, 2026, Petitioner filed Bill of Exceptions outlining multiple trespasses upon her rights and the equitable estate protected in Private Trust. See Exhibit X.

XLVII. Petitioner filed an appeal in the DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA – SIXTH DISTRICT for Trial de Novo for Special Cause based on repeated trespass on estate protected in Private Trust. See Exhibit Y.

XLVIII. On April 1, 2026, the appeal was dismissed quoting "timeliness" and Petitioner lacked access to necessary information at the time to invoke equitable tolling to that case.

XLIX. On April 2, 2026, Judge JULIE C. HILL signed an ORDER TO PICK-UP MINOR CHILD. The unlawful, ex parte meeting between JULIE C. HILL and attorney LIESL WEEKS on behalf of SAMUEL WAYNE WAGNER is in direct trespass of the Private Trust. JULIE C. HILL granted SAMUEL WAYNE WAGNER unauthorized guardianship of the minor child in full trespass on the Private Trust and the estate protected in Private Trust. Petitioner has been prohibited from performing fiduciary duties as trustee under threat of imprisonment under color of law. See Exhibit Z.

L. On or about April 6, 2026, Petitioner filed a PETITION FOR WRIT OF HABEAS CORPUS based on Equity Maxims in the DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA – SIXTH DISTRICT.

LI. On April 29, 2026, the DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA – SIXTH DISTRICT dismissed the PETITION FOR WRIT OF HABEAS CORPUS without providing justification. Petitioner has the right for full disclosure for the Court ruling affecting estate protected by Private Trust. See Exhibit AA.

LII. On or about May 7, 2026, Judge JULIE C. HILL gave a verbal order granting SAMUEL WAYNE WAGNER unauthorized guardianship (kidnapping) of the federally authenticated minor child in full trespass on the Private Trust and the equitable estate protected in Private Trust. Petitioner's equitable rights, titles and interests were violated in addition to the rights and desires of the minor child. Petitioner is denied parental rights, equitable rights, titles and interests as absolute title holder, as well as rights and duties as trustee to protect equitable estate protected in Private Trust.

LIII. In addition to blatant jurisdictional violations, the presumptions of JULIE C. HILL to intimately know the spiritual, emotional, developmental and physical needs of Petitioner's child is ignorant, unbiblical, and unlawful.

- ***Troxel v. Granville, 530 U.S. 57 (2000)*** - recognizing that a parent's interest in the care, custody, and control of their children is a fundamental liberty interest protected by the Fourteenth Amendment.
- ***Beagle v. Beagle, 678 So. 2d 1271, 1276 (Fla. 1996).*** Recognized that parents possess a fundamental privacy right under Article I, Section 23 of the Florida Constitution to make child-rearing decisions free from unwarranted state interference.
- ***Von Eiff v. Azicri, 720 So. 2d 510, 514–15 (Fla. 1998).*** Held that the State may not intrude upon a fit parent's child-rearing decisions merely because a judge believes a different decision would be better.
- ***Richardson v. Richardson, 766 So. 2d 1036, 1040–41 (Fla. 2000).*** Relied on both Florida's constitutional privacy protections and the parental-rights principles recognized in *Troxel*.

LIV. On or about May 14, 2026, Petitioner's appeal to the Florida Supreme Court was dismissed. See Exhibit BB.

LV. On or about May 20, 2026, Petitioner filed IRS Form 56: Notice concerning Fiduciary Relationship reiterating Secretary of Treasury as fiduciary of the JENNIFER MAPSHENA RIVERA-WAGNER estate. See Exhibit CC.

LVI. On or about June 1, 2026, Judge finally provided a signed order granting SAMUEL WAYNE WAGNER unauthorized guardianship (kidnapping) of the federally authenticated minor child in full trespass of the Private Trust. Petitioner's equitable rights, titles and interests were violated in addition to the rights and desires of the minor child. Petitioner is denied parental rights, equitable rights, titles and interests as absolute title holder, as well as rights and duties as trustee to protect equitable estate protected in Private Trust. See Exhibit DD.

LVII. Said acts have resulted in unlawful custodianship (kidnapping) since April 2, 2026 of the minor child and equitable estate, trespass against Private Trust in violation of trust law, justice, and equity, and deprivation of equitable rights, titles and interests of Petitioner as

well as the equitable rights, titles and interests of the minor child. The 4-year-old minor child has been alienated from her mother without lawful cause.

LVIII. On or about June 18, 2026, Petitioner filed a Freedom of Information Act (FOIA) request for JULIE C. HILL. ALL public officials – elected or appointed - after the **Reorganization Act of 1871** are required to take the Oath of Office as outlined in **Title 5 U.S. Code § 3331** in conjunction with **Title 5 U.S. Code § 3332/3333**. In addition to the IRS Form 56 violation, a Judge is required to be bonded prior to administering the estate. To date, that request has been ignored. See Exhibit EE.

LIX. Following the Reorganization Act of 1871, Judge JULIE C. HILL is operating as an administrator of estates in the creation of constructive trusts on behalf of the UNITED STATES bankrupt corporation. Plaintiff is the original source value issuer of all issue. When Judge JULIE C. HILL on behalf of TENTH JUDICIAL CIRCUIT COURT IN AND FOR POLK COUNTY engaged in identity theft by hijacking Plaintiff's name and credit worthiness while attempting to pull her into a foreign jurisdiction to which she is not subject, multiple violations were committed under the law. When a public official takes the Oath of Office, he/she becomes a fiduciary trustee and taking the Oath of Office is prima facie evidence that the acceptance and holding of office is by one competent and knowledgeable of the law and his/her fiduciary duties. The trustee in constructive possession of decedent estate property is liable for the transfer taxes on a carryover basis which in this case Judge JULIE C. HILL is now held accountable for hypothecating unknown amounts of credit in Plaintiff's estate without transparent disclosure of the true nature of any proceedings associated with Plaintiff's name. Plaintiff demands IRS Form 56, IRS Form 2373, Form 10492, Form 4490, Form 4810, IRS 1099R, IRS 1099F, 1099-miscellaneous, and Form 2848 official records be produced in accordance with law. Failure to produce these records confirms Judge JULIE C. HILL has not and is not operating in accordance with law and the seat is vacant with all judgments and orders null and void ab initio, effective immediately.

LX. Defendant(s) actions deprived Plaintiff and the minor child of God-given rights secured by the Constitution of the United States of America Republic.

LXI. The TENTH JUDICIAL CIRCUIT COURT IN AND FOR POLK COUNTY, FLORIDA did not have jurisdiction and jurisdiction attempts were challenged multiple times. Private Trust matters are governed under exclusive equity jurisprudence.

- ***Mansfield, Coldwater & Lake Michigan Ry. Co. v. Swan,*** 111 U.S. 379, 382 (1884). Court ruled Jurisdiction can be challenged at any time. Court must assert its jurisdiction as a threshold matter and **may not decide merits of the case** without first addressing the issue of jurisdiction.
- ***Newby v. Enron Corp***., 188 F. Supp. 2d 684 (S.D Tex. 2002) demonstrated that exclusive equity remains in effect.
- ***United States v. Will***, 449 U.S. 200 (1980) holds that any judge usurping jurisdiction commits treason (Cohens v. Virginia, 6 Wheat. 264).
- ***Hale v. Henkel***, 201 U.S. 43 (1906): corporations (including BAR franchises) have no parity standing over living men.

LXII. Plaintiff has exhausted available remedies or no adequate remedy exists.

LXIII. "When there is a conflict and variance between the rules of law and the rules of equity over the same subject matter, the rules of equity shall prevail" Pomeroy

*"Be not deceived; God is not mocked: for whatsoever a man soweth, that shall he also reap." ~Galatians 6:7*

**Federal Questions for the court:**

1. How does any government entity attempt to take away a living woman's God given, equitable rights?
2. Is this an Article III venue as guaranteed by the original Constitution of the United States of America Republic?
3. Is it required for a judge to produce their Delegation of Authority once requested?
4. Where is the officer's judicial oath and active bond?
5. Is it lawful for a Judge in state court to deny United States Constitutional case laws and Supreme Court rulings to be used in as a defense of a matter at law?

6. Is if lawful for a Judge in state Court to deny a defendant the ability to use Constitutional amendments as a defense in a Circuit Court case?
7. Is it lawful for a Circuit Court judge to sit on the bench and make rulings in complete disregard to the Supreme court rulings and Constitutional rights?
8. Is it lawful for a Circuit Court judge to assume jurisdiction after jurisdiction has been challenged?
9. Is it lawful for a Circuit court judge to demand that Constitutional law, Code of Federal Regulations, case laws pertaining to the case cannot be used as a defense?
10. By what authority do administrative judges of de facto government corporate entities assume jurisdiction over living men and women?
11. Is it lawful for a Circuit Court judge to suppress defendants right to Civilian Due Process?
12. Why do we have a United States Constitution if the judges of Florida can ignore Constitutional Case laws, and take by force the God-given equitable Rights guaranteed by the Constitution of the United States of America Republic?
    - *"All codes, rules, and regulations are for government authorities only, NOT human creators in accordance with God's laws. All codes, rules and regulations are unconstitutional and lacking due process.* ***Rodriques v. Ray Donavan (US Dept. of Labor) 769 F. 2d. 1344. 1348***.
    - *"... A law that is repugnant to the United States Constitution is void, and that courts, as well as other departments are bound by that instrument.* ***Marbury v. Madison, 5 U.S. 137 (1803)***
13. Can a judge arbitrarily administer a Private Trust without the consent of the Trustee of the Private Trust?
14. How is it lawful for a federally authenticated minor child under protection of a Private Trust not under the jurisdiction of the incorporated State of Florida to be taken from Petitioner?
15. Would the incorporated State of Florida be liable for kidnapping a federally authenticated minor child under protection of a Private Trust?
16. Would the incorporated State of Florida be liable for theft of Private Trust corpus?
17. Was the alleged judicial order lawfully issued under Article III authority?
18. What lawful evidence exists that I am a corporate "person" or subject to statutory code?
19. By what authority does a court agent seize property held in Private Trust?

*brought out into the open." Luke 8:17*

## COUNT I

## Kidnapping under Color of Law with Intentional Inflection of Emotional Distress

LXIV. Plaintiff incorporates by reference paragraphs I through LX.

LXV. The conduct of Defendant(s) and potential others through failure to provide full disclosure of the true nature of proceedings, false misrepresentation, and conspiracy to commit extortion as set forth herein was unlawful, odious, and also willful, wanton, reckless and in total disregard for the rule of law, and in violation of the organic Constitution of the United States of America Republic, Bill of Rights, Trust law, and Biblical law.

LXVI. Defendant(s) actions were intentional and deliberate despite multiple jurisdictional challenges by Plaintiff which led to the emotional and psychological distress of the minor child protected in Private Trust, the emotional and psychological distress of Plaintiff, in addition to the loss of time and resources Plaintiff expended on this issue.

LXVII. The violations of Plaintiff's equitable and Constitutional rights by the Defendant(s) in order to submit an un-Constitutional judgement may be considered as fraud upon the court in addition to illegal activity in violation of the Foreign Grantors Private Trust agreement. Theft is in violation of the Commandments in the Bible, and should never be rewarded even by judicial actors employed in state agencies.

## COUNT II

## Deprivation of Constitutional Rights and Privileges

LXVIII. Plaintiff incorporates by reference paragraphs I through LXVII.

LXIX. Plaintiff is entitled to the equal protections of the laws under the Fourth (4th) and Fourteenth (14th) Amendments to the organic Constitution of the United States of America Republic, and **civilian** due process of the law under the Fourteenth (14th) Amendment of the Constitution of the United States of America Republic.

LXX. Deprivation of rights under the Fourteenth (14th) Amendment civilian due process clause is when a person's life, liberty, or property is taken away without due process of law. This includes false arrests, denial of fair trial and other violations of an individual's rights.

LXXI. Defendant(s) while acting under color of Florida state law in POLK COUNTY, FLORIDA, did violate Plaintiff's God-given equitable rights, titles, and interests in addition to United States of America Republic Constitutional rights by depriving Plaintiff of her rights to equal protection under the law, as well as maliciously prosecuting her without personal jurisdiction and against the organic Constitution of the United States of America Republic and against her Bill of Rights.

LXXII. Plaintiff is a living soul, an unfranchised free woman, who is not a participant in any tontine schemes of limited liability on a joint venture for profit with insurable interests requiring participation in corporate ponzi schemes committed by the POLK COUNTY CIRCUIT COURT corporate commercial entity. Plaintiff is fully authenticated with the Kentucky Secretary of State and the United States of America Department of State, therefore, not subject to the corporate or statutory laws in the POLK COUNTY court.

- *"All codes, rules and regulations are for government authorities only, not human/creators in accordance with God's laws. All codes, rules and regulations are unconstitutional and lacking due process.* ***(Rodrigues v. Ray Donavan, 769 F. 2d 1344 (1985).***

LXXIII. Defendant(s) unlawful actions deprived Plaintiff of civilian due process, financial resources, and equitable rights, titles, property interests to which she is entitled and subject to receive.

LXXIV. Defendant(s) also deprived Plaintiff of her Fourth, Fifth, Sixth, Eighth, and Fourteenth amendment rights in the theft of Foreign Trust corpus. The equitable estate includes the tangible and intangible properties – including the physical body - of the minor child protected in Private Trust.

LXXV. Plaintiff has invested at minimum 188 hours preparing court documents, filing court documents, traveling to Bartow, Florida for multiple alleged administrative hearings, being subject to malicious prosecution and extortion while she could and should have been engaged in constitutional and equitable rights of the pursuit of life, liberty and property in violation of the Fourth, Fifth, Eighth and Fourteenth amendments of the organic Constitution of the United States Republic.

## COUNT III

## Theft of Trust Property

LXXVI. Plaintiff incorporates by reference paragraphs I through LXXII.

LXXVII. Plaintiff, as trustee of the Private Trust protecting the legal and equitable estate of the minor child, requests a Writ of Replevin for return of full and lawful guardianship of the minor child.

LXXVIII. **Replevin** is defined in Black's Law Dictionary as a legal action or provisional remedy allowing the owner or person entitled to possession of goods or chattels to recover them from someone who has wrongfully taken, distrained, or detained them; it remains a fundamental remedy for the recovery of specific property.

LXXIX. Plaintiff holds superior title (legal title and equitable title) over the legal and equitable estate of the minor child protected in Private Trust. The equitable estate includes the physical body and all tangible and intangible assets of the minor child.

LXXX. Defendant(s) unlawfully gave guardianship of Private Trust corpus over which Defendant(s) had no jurisdiction which is an action against the rules of Trust law. POLK COUNTY appears to condone theft by their agents under color of law of the state.

LXXXI. Plaintiff has challenged jurisdiction on multiple occasions as well as expressed her equitable rights, titles, and interests in the case. Petitioner has also expressed both her and the minor child's federally authenticated legal and equitable titles are protected in Private Trust, therefore, the theft was intentional, deliberate and in direct trespass to the Private Trust if in fact that Defendant(s) did not comprehend how or what legal principles exist with a Foreign Grantors Private Trust. Ignorance of the law is no excuse for a person outside the judicial system, therefore, it should not be an excuse for agents working under color of the law.

## COUNT V

## Defamation

LXXXII. Plaintiff incorporates by reference paragraphs I through LXXVIII.

LXXXIII. Defendant(s) have filed derogatory statements which make false claims, and which are misleading in nature as to the true disposition of the case. Defendant(s) claims are unfounded and fraudulent in nature due to the lack of jurisdiction and Defendant(s) ignorance of the Foreign Grantors Private Trust as well as the meaning of authentication for the private non-franchised free and living soul within the courts.

LXXXIV. Defendant(s), being a public servant, knew or should have known their statements and/or actions trespassing upon Private Trust corpus were false and fraudulent. It is oft stated that ignorance of the law is no excuse, yet judges fail to follow the law when it is expected to be known by lay people outside the law profession. Defendant(s) should have known Foreign Trust law, which also has no statutes of limitations, but remained determined to maliciously trespass against the Private Trust and Plaintiff in violation of Foreign Grantor Trust law.

LXXXV. The derogatory, untrue and unjust statement(s) published by Defendant(s) were committed willfully and maliciously with the intent to defame Plaintiff's good name and trespass upon her equitable rights, titles and interests.

## COUNT VI

## Conspiracy to Interfere with the Civil Right of Equal Protection of Due Process

LXXXVI. Plaintiff incorporates by reference paragraphs I through LXXXII.

LXXXVII. Defendant(s) as agents of a de facto government while working under the Color of law of the State of Florida in POLK COUNTY, FLORIDA conspired with each other and possible others unknown to Plaintiff at this time to deprive Plaintiff of equal protection of the laws and of equal privileges and immunities under the original Constitution of the United States of America Republic, as further set forth previously.

LXXXVIII. As a result of the conspiracy, Plaintiff was injured by Defendant(s) and deprived of having an honest and fair trial with full disclosure of the true nature of the proceedings, and deprived of protecting and exercising her equitable rights and privileges as a living woman privately domiciling within the state of Florida, within the United States of America Republic.

## Equity Claims

LXXXIX. ***Equity Will Not Assist a Volunteer.***

Petitioner, as trustee of the [redacted] Estate Trust, holds absolute title for the equitable estate in question. The legal estate and equitable estate of the minor are held in Private Trust.

- Petitioner requests this Court of Equity defends and fully restores her equitable right to administer the estate protected by Private Trust.

XC. ***Equity Looks to the Intent Rather Than the Form.***

Regardless of the formal legal proceeding or label applied to the unauthorized custodianship of the minor child, equity will look beyond procedural formalities to substance. The substance includes Petitioner's repeated challenge of the marriage contract for failure to disclose material facts and blind adhesion contracts; Petitioner's express notice of estate protected in Private Trust and trespass of equitable right of the trustee to protect Private Trust corpus; and Defendant's issuance of unauthorized guardianship of estate protected by Private Trust.

- Petitioner requests the State of Florida marriage contract between Petitioner and Defendant officially ordered null and void *ab initio* due to lack of full disclosure at signing.
- Petitioner requests this Court return full and lawful custody of the minor and equitable estate to the trustee in order to properly administer the estate protected by Private Trust.

XCI. ***Equity Follows the Law.***

The unauthorized custodianship of the estate protected by Private Trust has caused continuing irreparable harm and trespass upon the Trust and the trustee's right and duty to protect trust corpus. The actions of the Defendant(s) exceed its jurisdiction and authority. No legal basis exists for continued detention.

- Petitioner requests this Court return full and lawful custody of the federally authenticated minor child and equitable estate to the trustee in order to properly administer and protect the estate protected by Private Trust.
- Petitioner requests, as beneficiary, all rights, titles, benefits, securities, and interests in the Constructive Trust created and related to her estate and all funds hypothecated in the Cestui Que Vie trust relating to this matter.

XCII. ***He Who Seeks Equity Must Do Equity.***

Petitioner has expressed private American standing and status, given notice of the Private Trust, and Petitioner's status as trustee of Private Trust.

- Petitioner requests this Court of Equity defend her equitable rights as a living woman and private American in accordance with the organic Constitution of the United States of America Republic, including but not limited to preventing enforcement of any order that adversely affects Petitioner's rights, titles, and interests.

XCIII. ***Equity Will Not Suffer a Wrong to Be Without a Remedy.***

At law, Petitioner has no adequate remedy as traditional appeal procedures have proven insufficient. Irreparable harm occurs with each day of unlawful detention.

- Petitioner requests immediate return of the minor child whose equitable estate is held in Private Trust. Petitioner is the sole trustee of the Private Trust and holds superior title for the legal and equitable estate.

XCIV. ***Equity Acts In Personam.***

This Court's equitable authority extends to the Defendant(s) personally. The Defendant(s) acted outside Constitutional scope of authority by granting custody and control over the minor child and equitable estate protected by Private Trust against the rules of trust law.

- Petitioner asserts that immediate, direct relief against the Defendant(s) is both necessary and appropriate; Petitioner requests full, lawful custody of the minor child and estate protected in Private Trust.

XCV. ***Equity Abhors Forfeiture.***

The detention threatens to forfeit Plaintiff's God-given, fundamental right to administer and protect equitable estate trust property. Continued unlawful detention is a direct trespass upon the Private Trust and continues to hinder the trustee's lawful and equitable right to protect Private Trust corpus. Equity will not permit such forfeiture without compelling justification.

- Plaintiff holds absolute title of the estate and asserts that no such justification exists in this case and requests the minor child and equitable estate be returned to the custody of Petitioner, trustee of the Private Trust.

- Plaintiff requests the exemplified case file, private accounting ledger(s); and to be rewarded all funds hypothecated on behalf of her Private estate/Cestui Que Vie trust.

XCVI. ***Equity Will Not Permit Unjust Enrichment.***

Defendant(s) are unjustly enriched by their willful, unlawful actions not in accordance with the Private Trust indenture and rules of Trust law. Defendant(s) benefit from the continued exercise of unlawful authority by TENTH JUDICIAL CIRCUIT COURT IN AND FOR POLK COUNTY, FLORIDA and the trespass on the estate protected in Private Trust. Petitioner is deprived of rights and ability to perform fiduciary duties as trustee of the equitable estate protected by the Private Trust without legal justification. Equity forbids such unjust enrichment.

- Plaintiff requests this Court restore and defend her equitable rights and return full custody of the minor child and administration of the estate held in Private Trust to Plaintiff.

XCVII. **Violation of Civilian Due Process** (Fourteenth Amendment)

- Plaintiff realleges paragraphs I through XCIII.
- Defendant(s) acted under color of state law.
- Defendant(s) deprived Plaintiff of equitable rights, titles, interests, liberty or property interests without proper civilian due process and proper Article III venue.
- Defendant(s) acted in the clear absence of jurisdiction and/or outside the scope of lawful judicial authority.
- Plaintiff (and the minor child) suffered injury as a direct result.

## Request for Declaratory Relief

XCVIII. An actual controversy exists between the parties.

XCIX. Plaintiff seeks relief and remedy in accordance with equity.

## Prayer for Relief

**"But if [the thief] is caught, he must pay back seven times what he stole, even if he has to sell everything in his house" Proverbs 6:31**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Count I:

- Judgment against Defendant(s) jointly and severally for compensatory damages of Two Million Dollars ($2,000,000.00), and punitive damages of Four Million Dollars ($4,000,000.00) for unlawful attempts to administrate Private Trust corpus outside scope of jurisdiction.
- Issue a Writ of Replevin for immediate full and lawful custody of federally authenticated minor child whose equitable estate is protected by Private Trust to Plaintiff.

B. Count II:

- Judgement against Defendant(s) jointly and severally for compensatory damages of Two Million Dollars ($2,000,000.00), and punitive damages of Four Million Dollars ($4,000,000.00) for trespass upon Private Trust corpus, Plaintiff's equitable rights, titles, and interests, and emotional distress caused to Plaintiff and the minor child

C. Count III:

- Judgement against Defendant(s) jointly and severally for compensatory damages of Two Million Dollars ($2,000,000.00), and punitive damages of Four Million Dollars ($4,000,000.00) for violations of Plaintiff's Civil Rights and Equal protections under the organic Constitution of the United States Republic and Bill of Rights. The cost of the suit, her hourly legal wages, nominal damages and other such and further relief as this court deems just, fair and proper.

D. Count IV:

- Judgement against Defendant(s) jointly and severally for compensatory damages of Two Million Dollars ($2,000,000.00), and punitive damages of Four Million Dollars ($4,000,000.00) for theft of Private Trust property for which Plaintiff is Trustee. The authentication bond for the minor child is One Billion dollars (1,000,000,000 dollars) and Defendant(s) failed to provide One Billion dollars to cover the bond.

E. Count V:

- Judgement against Defendant(s) jointly and severally for compensatory damages of $1,000,000.00 (one million dollars), and punitive damages of $2,000,000.00 (two million dollars) for defamation of character. Also considering the cost of the suit, her hourly legal wages, nominal damages and other such and further relief as this court deems just, fair and proper.

F. Count VI:

- Judgement against Defendant(s) jointly and severally for compensatory damages of Two Million Dollars ($2,000,000.00), and punitive damages of Four Million Dollars ($4,000,000.00) for violations of Plaintiff's equitable rights, titles, interests, assets; Civil Rights and Equal protections under the organic Constitution of the United States Republic and Bill of Rights under color of law as well as rights, titles, interests, and assets of the minor child protected by Private Trust.
- Declare the challenged State of Florida Marriage contract null and void ab initio for lack of full disclosure and blind adhesion contracts.
- Command TENTH JUDICIAL CIRCUIT COURT IN AND FOR POLK COUNTY, FLORIDA provide Plaintiff with the exemplified case file jacket and private accounting ledger.

G. Grant appropriate prospective injunctive relief permitted by law;

H. Grant such other relief as the Court deems just and proper.

***Equity demands what ought to be done, be done, and in good faith.***

Respectfully submitted,

By: Jennifer Mapshena: Rivera-Wagner

Jennifer Mapshena Rivera-Wagner
c/o 304 E. Pine St #1055
Lakeland, Florida 33801
Plaintiff, Pro Se

**Verification**

STATE OF FLORIDA
COUNTY OF POLK

The living woman, Jennifer Mapshena Rivera-Wagner, affirmed under oath, that she is the Plaintiff in this action; that she knows the contents of the complaint or allegations; and that the information contained therein is true to the best of her knowledge, information and belief.

By: Jennifer Mapshena: Rivera-Wagner©
Jennifer Mapshena Rivera-Wagner UTA, ARR

Subscribed and sworn to before me this 17th day of July in the year of our Lord, 2026.

Erica Johnson
Notary public

2/22/2027
My commission expires:

ERICA JOHNSON
MY COMMISSION # HH 365183
EXPIRES: February 22, 2027